UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **RODERICK DAVID EKMARK,** | § § § § | |
| *Plaintiff,* | § § | |
| vs. | § § | CIVIL ACTION NO. 5:11-CV-00465 |
| **UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT SAN ANTONIO - SCHOOL OF MEDICINE, DR. KENNETH MATHEWS, in his individual capacity, and DR. LOIS BREADY, in her individual capacity.** | § § § § § § § § § | |
| *Defendants.* | | |

## ORIGINAL COMPLAINT

COMES NOW, the Plaintiff, Roderick David Ekmark, M.D. ("Dr. Ekmark"), by and through his attorney, Jacob Hyde, Casey Law Office, P.C., and files his Original Complaint pursuant to Federal Rule of Civil Procedure 15 against the Defendant—the University of Texas Health Science Center at San Antonio - School of Medicine (UTHSC-SA) as follows:

## **PRELIMINARY STATEMENT**

**1.** This is a Federal Civil Rights action brought as a result of what the Plaintiff believes was a blatant violation of, *inter alia*, the federal civil and constitutional rights of Dr. Ekmark, who was denied procedural and substantive due process

protected under both federal and state law as a direct and proximate result of the intentional, negligent, and/or deliberately indifferent actions of the Defendant as set forth hereinafter.

**2.** On or about September 29, 2008, UTHSC-SA notified Dr. Ekmark that he had been placed on clinical suspension. Attachment A. This action was unknown to Dr. Ekmark. UTHSC-SA had previously informed Dr. Ekmark that an allegation of inappropriate sexual advance against a VA patient had happened, and that he would be placed on some unidentified status.

**3.** Despite attempting to ascertain the allegations and inquire further as to the adjudicative processes provided in the VA Handbook 0700, which relates to an adjudication proceeding, Dr. Ekmark was never provided such a hearing. In doing so, UTHSC-SA, violated, *inter alia*, Dr. Ekmark's constitutional right to due process regarding this federally protected employment right.

**4.** Dr. Ekmark has been damaged in several ways by this denial of due process. He was (1) denied his fourth year of psychiatric residence at UTHSC-SA; (2) denial of his four-year certificate of completion in psychiatry, (3) had a tarnished employment record based on the still-standing allegations, (4) delayed the granting of his Texas medical license, (5) denial of employment his vocational area of specialization (essentially he had to begin another specialty area from "scratch"). and (6) he has lost wages and legal expenses to attempt overcoming the denial of

due process. It is alleged that Plaintiff's rights under federal law, more specifically 42 U.S.C. § 1983, together with certain rights under the Constitution of the United States and under the State of Texas were violated. Plaintiff files this action seeking damages against the Defendant for committing acts under color of law, which deprived Plaintiff of rights secured under the Constitution and laws of the United States; and for intentionally, negligently, and/or with deliberate indifference causing the loss of those rights to Plaintiff. This Court has jurisdiction over this action under 42 U.S.C. § 1983, 28 U.S.C. § 1343 and 28 U.S.C. § 1331.

## THE PARTIES

5. Roderick Ekmark is the Plaintiff in this action. At the current time of this suit Dr. Ekmark is an adult resident of 1670 Penn Avenue, Wyomissing, Pennsylvania 19610.

6. The University of Texas Health Science Center at San Antonio - School of Medicine, is a state university that receives both state and federal funds. As a state agency, it can be served with process by serving the Texas Secretary of State, located at 1019 Brazos, Austin, Texas 78701. To the extent this Defendant would otherwise enjoy sovereign immunity, the same is abrogated by the Fourteenth Amendment to the United States Constitution, the Supremacy Clause of the United States Constitution, and 42 U.S.C. § 1983. At all relevant times to this Complaint, this Defendant was responsible, in whole or in part, for the unconstitutionally

tortious acts or omissions that are described herein, and was acting under color or authority of law.

**7.** Defendant Kenneth L. Matthews is an individual resident of the State of Texas. Said Defendant may be served with process at his home at the following address: 25381 Boerne Stage Road, San Antonio, Texas 78255-9526 and at his place of employment at 7703 Floyd Curl Drive, San Antonio, Texas 78229-3900. This individual is being sued both in his individual and official capacities. To the extent this Defendant would otherwise enjoy qualified immunity in his official capacity, such is waived because Dr. Matthews was not performing a discretionary function and a reasonable person would have known his conduct violated the constitutional rights of Dr. Ekmark.

**8.** Defendant Dr. Lois Bready is the Associate Dean of Graduate Medical Education. Said Defendant may be served with process at her place of employment at: 7703 Floyd Curl Drive, San Antonio, Texas 78229-3900. This individual is being sued both in her individual and official capacities. To the extent this Defendant would otherwise enjoy qualified immunity in her official capacity, such is waived because Dr. Bready was not performing a discretionary function and a reasonable person would have known her conduct violated the constitutional rights of Dr. Ekmark.

## JURISDICTION AND VENUE

9. The Plaintiff herein invokes the federal question jurisdiction of this Honorable Court pursuant to 28 U.S.C. §§ 1331, and more particularly 42 U.S.C. § 1983, to obtain injunctive relief to correct the injuries suffered and sustained by the Plaintiff, which were caused by the Defendant's blatant violation(s) of his rights, privileges and immunities as guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States of America and by federal law, a judgment for the costs of the suit, including reasonable attorneys' fees.  Furthermore, the Plaintiff's action for injunctive relief is authorized pursuant to 28 U.S.C. §§ 2201 and 2202

10. Venue is proper in this jurisdiction and district pursuant to 28 U.S.C. § 1391(b) because substantial part of the events or omissions giving rise to the claim occurred in this judicial district and division.

## JURY DEMAND

11. Dr. Ekmark demands a trial by jury.

## FACTS COMMON TO ALL COUNTS

12. Dr. Ekmark applied to various medical programs and was accepted at the University of Texas Medical Branch at Galveston.  Subsequently, he obtained a medical doctorate degree from the University of Texas Medical Branch in 2005.

13. Dr. Ekmark received a Physician in Training Permit ("PIT"), Permit Number BP100223466, to begin on July 1, 2005, and to expire June 30, 2009.  Dr.

Ekmark applied for and received the first part of post-graduate training at the UTHSC-SA. The agreement between Dr. Ekmark and UTHSC-SA, (the "Agreement") was made or about July 1, 2005. The nature of this program was specialization in psychiatry. The normal residency program is four years. Dr. Ekmark passed the residency exams in years one, two, and three.

14. Between July 1, 2005, and September 29, 2008, Dr. Ekmark had an active PIT to practice medicine in Texas. He applied for licensure in Illinois, which was granted in October 2009, giving him the ability to practice medicine and surgery. He also has a graduate medical license in Pennsylvania. As of this time, no licenses in any other state have been revoked.

15. Dr. Ekmark has never been convicted of a felony or misdemeanor involving moral turpitude. He was involved in a misdemeanor of public intoxication, and pled "guilty" in March, 2008. This fact was disclosed on application to the Texas Medical Board in April, 2009.

16. Sometime in late September of 2008, Dr. Ekmark was informed that someone had made an allegation that he had an inappropriate sexual contact with a patient of the United States Department of Veterans Affairs ("VA"), and that he was being placed on some unidentified status pending review. On September 29, 2008, UTHSC-SA notified the Texas Medical Board that Dr. Ekmark had been placed on clinical suspension and suspended or requested suspension of his PIT.

This action was unknown to Dr. Ekmark at the time of the filing. It was not discovered until a later point in time.

**17.** Dr. Ekmark attempted to resolve his status with the UTHSC-SA, forwarding a multitude of letters to UTHSC-SA and the VA, particularly the Audie L. Murphy Memorial VA's Hospital Division.

**18.** The Agreement explicitly incorporates the UTHSC-SA Graduate Medical Education ("GME") Policies as part of the Agreement. The GME Policy 2.1.11., Resident Grievance and Appeal Procedure, provides that the Graduate Medical Education Committee ("GMEC") serves of the appeal body for all residents in programs sponsored by the School of Medicine, independent of their funding source, for dismissal or non-renewal, or other actions that could significantly threaten a resident's intended career development.

> "In the event that a resident is to be placed on probationary status, dismissed, his/her training agreement not renewed, or not promoted to a subsequent PGY level, he/she may initiate a formal grievance procedure. The resident shall present the grievance in writing to the ADGME within thirty working days after the date of notification of proposed adverse status. The grievance shall state the facts upon which the grievance is based and requested remedy sought. The ADGME or designate shall respond to the grievance with written answer no later than fifteen working days after he/she received it. If the resident is not satisfied with the response, he/she may then submit, within 15 working days of receipt of the ADGME's response a written request for the hearing."

UTHSC-SA Graduate Medical Eduation Policies 2.1.11.

The hearing will be scheduled within 30 working days of the resident's request

for a hearing.

**19.** On or about September 23, 2008, Dr. Ekmark was paged to come to Dr. Kenneth Matthews' office at approximately 11:45 a.m. At that time, Dr. Matthews was Dr. Ekmark's program director. Other physicians present in the room at the time of the meeting were: Dr. Matthew Faubion, Dr. Kaustubh Joshi, Dr. Brenda Talley, and Dr. Iva Timmerman. Dr. Matthew Faubion is an Air Force officer in charge of the Air Force residents rotating through the UT Health Science Center. Dr. Kaustubh Joshi is Dr. Faubion's assistant. Dr. Talley's responsibilities were consult and liaison services. Dr. Iva Timmerman is a VA psychiatrist. At the start of the meeting, Dr. Ekmark was informed that, effective immediately, his clinical privileges were being suspended pending the outcome of an investigation. According to them, it was alleged that Dr. Ekmark told a faculty member that he had an inappropriate relationship with a VA patient. This meeting lasted approximately one hour. During the meeting, the doctors attempted to probe him with questions regarding his knowledge of the source and what the allegations were all about. Dr. Ekmark informed them that he had no idea as to the source or the allegations. He also informed them that the allegations were false. Dr. Ekmark informed the panel about Erin, his girlfriend, and informed them that Erin was never a patient of his. This was the only notice he received regarding the allegations of impropriety. At the end of the meeting with the panel, it was Dr.

Ekmark's understanding that he was still a part of the program and that the panel was going to investigate the allegations. It was also Dr. Ekmark's understanding that the panel was going to investigate and get him back to duty as soon as possible. The panel did not inform Dr. Ekmark whether they were going to have any kind of a hearing. At the end of the meeting, Dr. Ekmark asked Dr. Matthews what he should do during the pendency of the investigation. He was informed that the UTHSC-SA would page him when he was needed. Dr. Ekmark was not informed what his duties were after the meeting.

20. UTHSC-SA did not conduct an independent investigation. Dr. Ekmark received a letter, dated October 22, 2008, from the VA, not UTHSC-SA, stating that an Administrative Investigation Board had been appointed to investigate the allegations against Dr. Ekmark. The VA Handbook, 0700, Appendix 1, states that the VA investigation is made by "administrative investigative bodies" and it does not "determine interest." This handbook further states that, the employee (undefined) has no due process rights such as notice, notice of charges, or the right to challenge adverse evidence. Finally, this handbook states that if adjudication proceedings are initiated as a result of an administrative investigation, due process rights would attach to such proceedings. Dr. Ekmark was not provided with the findings of the investigation at that time, nor given the opportunity to answer such findings before any determination by the UTHSC-SA.

**21.** No conclusion to the supposed investigation was communicated to Dr. Ekmark until February 2009, when a misaddressed letter to Dr. Ekmark was provided to his attorney, Ace Pickens, at that attorney's request for information concerning Dr. Ekmark's status. That letter from Kenneth Matthews and Matthew Faubion, dated January 5, 2009, was the first notice Dr. Ekmark received that his physician in training permit was inactivated as of September 29, 2008, and stated that he will be maintained on clinical suspension to pursue appellate options.

**22.** On February 27, 2009, within one week of Mr. Pickens' receipt of the January 5, 2009 letter to Dr. Ekmark, Mr. Pickens addressed a letter to Dr. Matthews and Dr. Faubion requesting an appeal of the decision under the UTHSC-SA GME Policies. No further findings were made, nor was any hearing conducted by UTHSC-SA under the GME Policies.

**23.** Further request for hearing was made by letter dated March 16, 2009, from Ace Pickens, Dr. Ekmark's attorney, to Jack Park, counsel for UTHSC-SA. The next communication from the UTHSC-SA was a letter dated May 29, 2009, to Dr. Ekmark, stating that he would remain under suspension until his physician in training permit was reinstated, and that if it was not reinstated by its expiration of June 30, 2009, his contract would not be renewed. An unsigned copy of this aforementioned letter was forwarded to Ace Pickens by mistake. However, the Texas Medical Board Rules state that the postgraduate training program must

notify the Board of any lift in suspension in order to reinstate the permit. Therefore, the training permit could not be reinstated by any action on the part of Dr. Ekmark, but would require the report of the UTHSC-SA to the Board. Dr. Ekmark was put in a no-win situation because all further action to reinstate his discrepancy was in the hands of UTHSC-SA, yet they were not providing a hearing. UTHSC-SA was notified of this discrepancy in their requirements of Dr. Ekmark by letter from his attorney dated June 12, 2009, which also requested a full formal statement of grievance and re-asserted Dr. Ekmark's request for hearing.

**24.** No hearing on the grievance filed by Dr. Ekmark has ever been provided by the UTHSC-SA, as it was its duty to do so. No reasonably prudent official under the same or similar circumstances could have believed that the official action was justified based on the information possessed when the conduct occurred. The actions of UTHSC-SA denied Dr. Ekmark due process.

**25.** Dr. Ekmark's Post Graduate Year four contract ended on June 30, 2009. Prior to that date, Dr. Ekmark was paid by the UTHSC-SA; however, at the end of June 2009, Dr. Ekmark had to go on unemployment for a time period. Dr. Ekmark had to take some odd jobs driving trucks at a construction company out of Houston for a few months. Then, Dr. Ekmark attempted to start an Internet business, which did not produce income. He then took a job in LaVernia putting up insulation in attics. Several programs and jobs were refused him due to statements by Dr.

Kenneth Matthews to prospective employers concerning the allegations against Dr. Ekmark, without regard to the fact that no due process was ever allowed to Dr. Ekmark in relation to the grievance he put forth. Specifically, Dr. Ekmark was rejected for a PGY4 position with Northwestern Memorial Hospital due to statements concerning the VA investigation and the relationship between Dr. Ekmark and his accuser made to Dr. Joan Anzia by Dr. Kenneth Matthews in November 2009.

26. Finally, Dr. Ekmark managed to get a mental health tech job at the Nix Specialty in San Antonio. When they discovered he was a doctor, Nix Specialty promoted Dr. Ekmark to utilization review and he performed chart reviews and argued with third parties about billing. Then he was able to match into a program out of state, an accredited family medicine program in Pennsylvania. Upon successful completion of this program, Dr. Ekmark would be eligible to take the board examinations for family medicine.

27. According to the American Board of Neurology and Psychiatry, the eligibility for board certification for neurology and psychiatry requires a doctor to be accredited for four years of post-graduate training in psychiatry in a center that is accredited. A candidate cannot take the board exams until they complete the fourth year of post-graduate training in psychiatry. It was Dr. Ekmark's long-range goal to attain Board Certification in such a program. He has been unable to

do so, due to UTHSC-SA's failure to follow his due process rights that would have likely cleared his name and permitted reinstatement (as a state administrative judge recommended a finding that the allegations were unfounded), in addition to Dr. Matthews' responsibility to provide such a hearing and refrain from passing along unfounded allegations never adjudicated by his own denial of Dr. Ekmark's due process rights by failing to have an adjudicative hearing or permitting Dr. Ekmark any meaningful appellate options.

## COUNT I—ACTION FOR DEPRIVATION OF CIVIL RIGHTS
## (42 U.S.C. § 1983)

28. The previous paragraphs are incorporated herein by reference as if fully re-alleged.

29. Dr. Ekmark had the right to the due process to protect his vested property right associated with his employment. Dr. Ekmark alleges that by the actions of Defendants, his constitutional rights have been infringed under precedent established in *Paul v. Davis*, 424 U.S. 693 (1976), and in *Board of Regents v. Roth*, 408 U.S. 564, 573-574 (1972). He had a right pursuant to the Fifth Amendment to the United States Constitution as well as the Fourteenth Amendment to the United States Constitution to not be deprived of life, liberty, or property without due process of law.

30. At all times material to this Complaint, the Defendants, in various

capacities, were vested with state authority and the non-delegable responsibility and duty of adhering to, complying with, and enforcing the law of the United States of America and the State of Texas. Consequently, while acting under color of law, the Defendants committed actions wherein the right, privileges or immunities of Plaintiff were violated. Specifically, the Defendants, jointly and severally, engaged in a course of conduct that resulted in the violation of Plaintiff's right to procedural due process protection of his employment rights under the laws of the United States of America pursuant to the Fourteenth Amendment to the Constitution of the United States of America.

31. By alleging the denial of a hearing, the allegation is not a legal conclusion but a properly-pleaded factual allegation.

32. By alleging the denial of his PIT, which is a vested property interest in employment of Dr. Ekmark, the allegation is not a legal conclusion but a properly-pleaded factual allegation.

33. Both the denial of a hearing and the direct and proximate cause of Dr. Ekmark's loss of employment, the allegation of denial of due process of a constitutionally protected right is not a legal conclusion, but a properly-pleaded factual allegation.

## COUNT II—ACTION FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

## **(28 U.S.C. §§ 2201 & 2202)**

**34.** The previous paragraphs are incorporated herein by reference as if fully re-alleged.

**35.** Dr. Ekmark seeks a declaration of his rights pursuant to 28 U.S.C. §§ 2201 & 2202.  Specifically, he prays for entry of an order declaring that he is entitled to an adjudicative hearing with all the due process rights that attach to such a hearing.

**36.** Dr. Ekmark further seeks injunctive relief requiring UTHSC-SA to reinstate him at the point in which he was suspended to enable him to complete his board certification in psychiatry.

**37.** Dr. Ekmark further seeks injunctive relief that upon a finding of not guilty in an adjudicative hearing on the original allegations, that UTHSC-SA be required to reactive Dr. Ekmark's PIT with the Texas Medical Board.

**38.** Dr. Ekmark further seeks injunctive relief that upon successful completion of this reinstated fourth year of psychiatric residency, that he be granted his fourth-year certificate of completion.

**39.** Dr. Ekmark further seeks injunctive relief that his employment record be appropriately cleared of any impropriety from the hearing should he be found not guilty.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands

- Prospective injunctive relief from Defendant UTHSC-SA;

- Economic damages from Defendant Kenneth L. Matthews and Defendant Lois Bready in their individual capacities for denial of his constitutional due process; and

- Attorney's fees, costs of court, pre- and post-judgment interest.

In addition, Plaintiff seeks any other such relief, whether legal or equitable, as this Court deems proper.

RESPECTFULLY SUBMITTED, this day, June 13, 2011.

By _____
Jacob Hyde, Esq.
Texas Bar No. 24074464
Casey Law Office, P.C.
600 Round Rock West Drive
Ste. 602
Round Rock, Texas 78681
Telephone: 512-257-1324
Fax: 512-853-4098

## CERTIFICATE OF SERVICE

I do hereby certify that on or about the date above, a true and correct copy of the foregoing document was delivered in accordance with the Civil Rules of Procedure to:

1. Texas Secretary of State

c/o University of Texas Health Science Center at San Antonio - School of Medicine

1019 Brazos St.

Austin, Texas 78701

2. Kenneth L. Matthews

7703 Floyd Curl Drive

San Antonio, Texas 78229

3. Lois Bready

7703 Floyd Curl Drive

San Antonio, Texas 78229

                                    Attorney for Plaintiff

                                    _____

                                    Jacob Hyde